NOT DESIGNATED FOR PUBLICATION

No. 127,216

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LEILANI HEKEKIA-DIXON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Geary District Court; RYAN W. ROSAUER, judge. Submitted without oral argument. Opinion filed October 10, 2025. Affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., MALONE and CLINE, JJ.

PER CURIAM: This is another jail credit case resulting from the fallout in *State v. Ervin*, 320 Kan. 287, 566 P.3d 481 (2025). Leilani Hekekia-Dixon was convicted in Geary District Court of possession of fentanyl and received a sentence of 37 months' imprisonment. Hekekia-Dixon was an absconder for much of the time that her case was pending in district court. Her only claim on appeal is that she is entitled to receive jail credit for time she was held in the Sedgwick County jail in an unrelated case pending the disposition of her Geary County case. For the reasons explained below, we find that the

1

holding in *Ervin* does not apply to the facts here, and we affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

On January 4, 2022, Hekekia-Dixon was completing mandatory registered offender paperwork at the Geary County Sheriff's Department when she was arrested on an outstanding warrant and an officer found drugs in her possession. The State later charged her with one count of possession of fentanyl. The district court held a first appearance on January 5, 2022, and Hekekia-Dixon posted a $2,500 surety bond after spending one day in jail. The district court held nine arraignment hearings, and Hekekia-Dixon ultimately pled guilty to the charge on October 27, 2022.

Over the next 10 months, Hekekia-Dixon repeatedly failed to appear for her sentencing. On August 31, 2023, after her failure to appear at the eighth scheduled sentencing hearing, the district judge commented that he had "reached the limit of [his] patience" but decided not to issue a warrant because Hekekia-Dixon's absence was attributed to a death in the family. The district court ordered Hekekia-Dixon to appear in person at the rescheduled hearing the next week. When Hekekia-Dixon failed to appear at that hearing, the district court forfeited her bond and issued a bench warrant on September 7, 2023. The record reflects that the bench warrant was never executed and was later recalled.

Hekekia-Dixon's sentencing was finally held on December 14, 2023. Hekekia-Dixon appeared via Zoom while in custody at the Sedgwick County jail, where she was awaiting her sentence in another case for a violation of the Kansas Offender Registration Act (KORA). After hearing arguments, the district court sentenced Hekekia-Dixon to 37 months' imprisonment followed by 12 months' postrelease supervision. The parties discussed jail credit and whether Hekekia-Dixon was entitled to credit for any of the time

she was being held in the Sedgwick County jail. The district judge observed, "I don't even know what the dates are to consider. I mean, I don't know how long she's been held down there." The district court stated that it was "more appropriate to credit her in the Sedgwick County case for the time that she's spending in Sedgwick County on the new case for which she didn't post bond." Ultimately, the district court awarded Hekekia-Dixon one day of jail credit for the one day she was in custody in Geary County before posting bond in January 2022. Hekekia-Dixon timely appealed her sentence.

ANALYSIS

In her initial brief, Hekekia-Dixon argued the district court erred by denying her request for jail credit for the time she spent in custody in the Sedgwick County jail during the pendency of this case and that she did not receive credit for in another case. The State countered that the district court "did not err in declining to award jail credit for the unknown amount of time in her Sedgwick County case because that was not time she had spent incarcerated pending disposition of her Geary County case."

The parties submitted their appellate briefs before the Kansas Supreme Court issued its decision in *Ervin*, and this court issued a show-cause order for the parties to address that decision. Hekekia-Dixon simply responded that this court should remand with directions to award additional jail credit consistent with *Ervin* and *State v. Hopkins*, 317 Kan. 652, 537 P.3d 845 (2023). The State responded and asserted that "[t]his Court should not read *Ervin* as awarding jail credit for all time spent incarcerated pending any disposition of any of the defendant's cases."

The right to jail time credit in Kansas is statutory, governed in this case by K.S.A. 2021 Supp. 21-6615(a), which states that when a defendant is convicted and sentenced to confinement, that sentence should be computed to "reflect . . . an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's

3

case." Statutory interpretation presents a question of law over which an appellate court has unlimited review. *State v. Davis*, 312 Kan. 259, 267, 474 P.3d 722 (2020).

In *Ervin*, the Kansas Supreme Court clarified that K.S.A. 21-6615(a) allows a jail time credit for all time a defendant is incarcerated pending the disposition of a case, regardless of whether the defendant receives a credit for some or all of that time against a sentence in another case. 320 Kan. at 311-12. The court based its analysis on the "plain language" of K.S.A. 21-6615(a), finding that the statute "is clear." 320 Kan. at 310. The facts in *Ervin* were straightforward. The defendant was held in the Sedgwick County jail on consecutive sentences in case No. 20CR2496 and in case No. 21CR1350 (the case on appeal). The Supreme Court ultimately awarded the defendant 346 days of jail credit in case No. 21CR1350 even though he also received credit for the same days in case No. 20CR2496, saying it did not matter under the statute that the defendant was receiving duplicate credit. 320 Kan. at 311-12. But the defendant was clearly being held in jail in both cases. 320 Kan. at 305.

Hekekia-Dixon's case is significantly different. Hekekia-Dixon was released on bond in her Geary County case after spending one day in jail, and she was never held in custody again in Geary County. She failed to appear for sentencing in Geary County and a bench warrant was issued for her arrest but was never executed and was later recalled. Meanwhile, she was arrested on a Sedgwick County warrant for a case in that county charging her with a KORA violation, and she was held in the Sedgwick County jail only on that case. She was later sentenced in the Geary County case in a Zoom hearing.

Under these facts, we find that Hekekia-Dixon does not receive jail credit in the Geary County case for the time she was incarcerated in the Sedgwick County case. Hekekia-Dixon would receive credit in her Geary County case for the time she was in the Sedgwick County jail if she was held in jail for both cases. Under those circumstances, she would get credit in both cases—that is what *Ervin* holds. But the record shows she

4

was held in the Sedgwick County jail only in the Sedgwick County case, not the Geary County case. These facts are distinguishable from the facts in *Ervin*.

For legal authority for our ruling, we cite *Ervin*, 320 Kan. 287, Syl. ¶ 12:

"K.S.A. 21-6615(a) allows a jail time credit for all time a defendant is incarcerated pending the disposition of the defendant's case. A sentencing judge should thus allow credit for all days incarcerated *on a case*, regardless of whether the defendant received a credit for some or all that time against a sentence in another case." (Emphasis added.)

And in construing the statute and applying the holding in *Ervin*, our court recently held: "In order to receive jail time credit under K.S.A. 2021 Supp. 21-6615(a), the incarceration must be *tied to the case* in which the defendant is seeking to receive credit." (Emphasis added.) *State v. Hill*, 66 Kan. App. 2d ___, Syl. ¶ 4, 2025 WL 2737255 (2025).

Despite what our Supreme Court said in *Ervin* about the clarity of K.S.A. 21-6615(a), the fact of the matter is that the statute does not address multiple case situations. But it should be axiomatic that a defendant only receives jail credit in a case for days the defendant is incarcerated *in that case*, and the defendant does not receive credit in one case for days the defendant is incarcerated solely in an unrelated case. We conclude the district court did not err in awarding Hekekia-Dixon one day of jail credit for the one day she was incarcerated in the Geary County case pending disposition of this case.

Affirmed.